**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Arnold, ) | No. CV 07-170-PHX-JAT (LOA) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Phillip Crawford; et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before this Court is a Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. The Magistrate Judge has issued a report and recommendation (R&R) recommending that the Petition be granted to the extent that it recommends that this Court order Respondents to give Petitioner a bond hearing or release him. (Doc. #18). The Respondents have objected to the R&R. (Doc. #19). Petitioner has filed a response to the objections. (Doc. #24).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because objections to all conclusions of the R&R were filed, the Court will review this case *de novo*. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

The issue in this case is whether an alien, who is removable, but the removal period has not commenced because of a stay of removal ordered by the Court of Appeals, has a right

to a bond hearing or release, based on the length of his detention, when he is being detained under 8 U.S.C. § 1226(c).[1]

Preliminarily, the Court will consider the basis for Petitioner's detention. This Court has addressed detention under 8 U.S.C. § 1226(c) before and found as follows:

> Under 8 U.S.C. § 1226(c), "the Attorney General shall take into custody any alien who is removable from this country because he has been convicted of one of a specified set of crimes." *Demore v. Kim*, 538 U.S. 510, 513 (2003) (internal quotations omitted). ...
> When a person is detained under 8 U.S.C. § 1226(c), the person may request a hearing pursuant to *Matter of Joseph*, 22 I. & N. Dec. 799, 199 WL 3309053 (BIA 1999). At this hearing, the person is, "entitled to raise any nonfrivolous argument available to demonstrate that he was not properly included in a mandatory detention category." *Demore*, 538 U.S. at 514. A "'*Joseph* hearing' is immediately provided to a detainee who claims that he is not covered by § 1226(c). ... At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Id*. at 514, n. 3.

*Makaj v. Crowther*, 2007 WL 3224539, *3 (D. Ariz. 2007).

In this case, the Government first argues that Petitioner's failure to request a *Joseph* hearing equates to him failing to exhaust his administrative remedies. The Magistrate Judge concludes that exhaustion is not required in this case because the remedy potentially provided in a *Joseph* hearing is not the remedy Petitioner now seeks. R&R at 10. The Government objects and argues that Petitioner was required to request a *Joseph* hearing before bringing this claim to this Court. Objections at 3-6. Generally, this Court agrees with the recommendation of the R&R that the remedy Petitioner is seeking in this case is not the remedy made available to him via a *Joseph* hearing. Specifically, under *Joseph*, Petitioner may challenge whether he falls within the mandatory detention provisions of 8 U.S.C. § 1226(c). In this case, Petitioner is arguing that assuming he falls within the mandatory detention provisions of 8 U.S.C. § 1226(c), his continued detention is still constitutionally impermissible under *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005). Thus, the Court finds

---

[1] As the R&R notes, Petitioner's underlying immigration case, which was appealed to the Ninth Circuit Court of Appeals in 2005, with a subsequent consolidated appeal filed in 2006, is still pending.

that exhaustion via a *Joseph* hearing is not required because Petitioner is not challenging whether he is subject to mandatory detention.

Aside from the issue presented in the preceding paragraph, Petitioner may be attempting to contest his "removability" in his Petition. Specifically, in his Response to the Government's Objections, Petitioner states, "Mr. Arnold has not conceeded [sic] removability... ." Response to Objections at 12. However, this Court finds that Petitioner has conceded removability. In the R&R, the Magistrate Judge found that Petitioner had admitted that he is subject to removal, "in that he, at any time after admission [into the United States], was convicted of a crime of domestic violence. 8 U.S.C. § 1101(a)(2)(E)(i). The fact that Petitioner has consistently challenged the classification of this conviction as an aggravated felony does not change the fact that he admitted to a conviction which renders him removable." R&R at 13. This Court agrees with and accepts the Magistrate Judge's finding that Petitioner has conceded removability.

Thus, the issue presented is whether a removable alien who has received a "final" order of removal as that term is defined in 8 U.S.C. § 1101(a)(47)(B)(i),[2] who is still in mandatory detention because he has received a stay of removal from the Court of Appeals while he appeals the BIA's decision, is entitled to a bail or bond hearing under *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005); *Zadvydas v. Davis*, 533 U.S. 678 (2001); and *Demore v. Kim*, 538 U.S. 510 (2003). This Court has previously addressed this issue, finding:

> In *Demore*, the Supreme Court addressed whether a person could be held in no-bail civil detention under 8 U.S.C. § 1226(c). The Supreme Court held that the detention of a person for the limited period of his removal proceedings is constitutionally permissible. *Demore*, 538 U.S. at 531. [footnote omitted] In reaching this conclusion, the Court stated, "In sum, the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." *Id.* at 530.
> This case would appear to fall within the ruling of *Demore*. Specifically, Petitioner is, for purposes of this analysis, a deportable alien who is subject to mandatory detention under 8 U.S.C. § 1226(c). Therefore, his no-bail civil detention is constitutional. However, this case may be distinguishable from

---

[2] *See also Andreiu v. Ashcroft*, 253 F.3d 477, 488 (9th Cir. 2001) (J. Beezer concurring).

| | |
|---|---|
| 1 | the reasoning of *Demore* because Petitioner has been in custody since August 16, 2004, over three years. Doc. #1 at 4. |
| 2 | In *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005), a panel of the Ninth Circuit Court of Appeals addressed a situation in which a person was in mandatory detention pursuant to 8 U.S.C. § 1226(c) for two years and eight months. In that case, each member of the panel wrote separately. Two members of the panel in *Tijani* agreed that Tijani was entitled to a bail hearing after this length of detention. *Tijani*, 430 F.3d at 1242-43. [Footnote 4: In dissent, Judge Callahan notes, "The constitutional limit, if any, to the duration of an alien's detention under § 1226 ... was left open by the Supreme Court in *Demore*. ... [The reasoning of *Demore*] may be read as implying a limit to the duration of detention pending a determination of removability, or as holding that because the removal proceedings are by definition finite, there is no constitutional limit to the duration of detention under 1226(c). ... ." *Tijani*, 430 F.3d at 1252-53 (Callahan, J. dissenting) [footnotes omitted].] |

*Makaj v. Crowther*, 2007 WL 3224539, *4 (D. Ariz. 2007).

In the case before the Court today, Petitioner Mr. Arnold is similar to Mr. Makaj in that Mr. Arnold has been in mandatory detention "two years and eight month and counting." Response to Objections at 13. He is also similar in that this Court has deemed him to have conceded that he is removable. In analyzing these similar facts, this Court found:

> Initially, the Court agrees with the R&R that Petitioner's mandatory detention has not been for a short duration as seemingly envisioned by *Demore*. Conversely, unlike *Zadvydas*, wherein the government could not accomplish removal of the petitioner in the foreseeable future, in this case, the government claims it can immediately remove Petitioner, but Petitioner's own actions prevent such removal. Specifically, Petitioner has had his removal stayed pending his appeal. Thus, nothing could be done by the government (or presumably by the petitioner) in *Zadvydas* to effect petitioner's removal, therefore, there was the potential for permanent confinement. In this case, when confinement will end is within Petitioner's control, should he choose to drop his appeals. Certainly Petitioner has a right to prosecute his appeals within the court system, however, the additional right he seeks in this Petition is to be free within the United States, after the government found him removable, while he uses the court system. Because this Petitioner, unlike the *Zadvydas* petitioner, has control over when his confinement will end, the Court finds this case distinguishable from *Zadvydas*.
> 
> This conclusion – that Petitioner's use of the appellate system should not form the basis of an unconstitutional detention claim against the government – is supported by footnote 14 of *Demore* which states that, "Respondent contends that the length of detention required to appeal may deter aliens from exercising their right to do so. ... As we have explained before, however, 'the legal system ... is replete with situations requiring the making of difficult judgments as to which course to follow,' and even in the criminal context, there is no constitutional prohibition against requiring parties to make such choices." *Demore*, 538 U.S. at 503, n 14. [Footnote 8: Based on this language, an argument can be made that "final order of removal" as envisioned by *Demore*, which would typically take one and one-half months or only five months with an appeal, does not include the time to appeal to the Court of Appeals. [citation omitted]. *See also Mboussi-Ona v. Crawford*, 2007 WL 3026946, *5 (D. Ariz.

- 4 -

    2007) (holding that the time to appeal to the Circuit Court of Appeals which is attributable to Petitioner is not included in a *Tijani* analysis, "If the *Tijani* gloss applies in this manner, then every judicial appeal will exceed this 'expedited' standard. This would mean that by merely seeking judicial review, every alien found removable would be entitled to an individualized bond hearing and possible release.")] Further, courts have concluded that delay that is attributable to the immigrant can justify continued detention, *see Ly v. Hansen*, 351 F.3d 263, 272 (6th Cir. 2003) (cited by *Tijani*, 430 F.3d at 1246, n.4 (Tashima, J. concurring)), and the Supreme Court agrees. *See Demore*, 538 U.S. at 530-31 (finding that the immigrant's request for a continuance helped justify the longer than average detention in this particular case).

*Makaj v. Crowther*, 2007 WL 3224539, *5 (D. Ariz. 2007).

    Ultimately, this Court concluded that Mr. Makaj was not entitled to a bail hearing because the reason he remained in mandatory detention, after conceding he was removable and subject to mandatory detention, was because he chose to appeal. This Court found that Mr. Makaj's case was distinguishable from *Tijani* because the first-writing member of the *Tijani* panel distinguished *Demore* based on the fact that the alien in *Demore* had conceded removability and the alien in *Tijani* has not. *See Makaj v. Crowther*, 2007 WL 3224539, *6 (D. Ariz. 2007); *Makaj v. Crowther*, CV 07-342-PHX-JAT (Order filed November 28, 2007) (Doc. #38). Specifically, this Court stated:

> ...[T]he only basis on which one member of the panel distinguishes *Demore* is that in *Tijani*, unlike *Demore*, the immigrant had not conceded deportability. 430 F.3d at 1242. If this is the only relevant distinction from *Demore*, as opposed to that the length of detention in *Tijani* was significantly longer than the length of detention recounted as average in *Demore*, then whether Petitioner has conceded removability in this case would decide whether he falls under *Demore* or *Tijani*.

*Makaj v. Crowther*, 2007 WL 3224539, *6 and (D. Ariz. 2007). Following this conclusion, this Court ordered supplemental briefing on whether Mr. Makaj had conceded removability. Mr. Makaj filed a supplemental brief in which he conceded he was removable. Following which this Court found:

> Petitioner's concession that he is removable causes this case to be indistinguishable from *Demore v. Kim*, 538 U.S. 510 (2003). Specifically, *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005), reached a different conclusion than *Demore*. In *Tijani*, the sole basis for distinguishing *Demore* was: "This case is distinct from *Demore v. Kim*, 538 U.S. 510, 513-514 ... (2003), where an alien conceded deportability.". *Tijani*, 430 F.3d at 1242. Based on this language, this case is distinct from *Tijani*, and consistent with *Demore*, because the alien has conceded deportability. Accordingly, habeas relief will be denied.

1  *Makaj v. Crowther*, CV 07-342-PHX-JAT (Order filed November 28, 2007) (Doc. #38) at
2  2.
3      Turning then to Petitioner Mr. Arnold's claims herein, the Court finds Mr. Arnold's
4  detention to be essentially the same as Mr. Makaj's. In other words, because Petitioner has
5  conceded removability, his case is distinguishable from *Tijani* and falls under *Demore*. As
6  discussed above, under *Demore* mandatory detention during the time Petitioner chooses to
7  prosecute an appeal is not impermissible. *See Demore*, 538 U.S. at 503, n 14; *see also*
8  *Mboussi-Ona v. Crawford*, 2007 WL 3026946, *5 (D. Ariz. 2007). This Court's conclusion
9  is further supported by the Government's unrefuted assertion that Petitioner's removal
10 proceedings lasted six months and three weeks until a final order of removal was issued —
11 which is consistent with the average time recounted in *Demore*. Objections at 6-7.
12 Accordingly, the Court finds that Petitioner remaining in mandatory detention during the
13 time Petitioner appeals to the Ninth Circuit Court of Appeals, when Petitioner has conceded
14 removability, is not constitutionally impermissible under *Demore*. 538 U.S. at 503, n 14.
15     Based on the foregoing,
16 **IT IS ORDERED** that the Report and Recommendation (Doc. #18) is rejected except
17 as specified above, Respondents' objections (Doc. #19) are sustained as specified above, the
18 Petition (Doc. #1) is denied and the Clerk of the Court shall enter judgment accordingly.
19     DATED this 19th day of May, 2008.

James A. Teilborg
United States District Judge